RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE _2 /22/ 13_

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

TIMOTHY CHARLES OLIVER (#577906)   DOCKET NO. 12-CV-3002; SEC. P

VERSUS                             JUDGE DRELL

NURSE BILLY, ET AL.                MAGISTRATE JUDGE KIRK

### REPORT AND RECOMMENDATION

Before the Court is the pro se civil rights (42 U.S.C. §1983) complaint initiated by Timothy Charles Oliver on November 26, 2012. Plaintiff was granted leave to proceed *in forma pauperis* on January 4, 2013. Plaintiff is an inmate in the custody of the Louisiana Department of Corrections, presently incarcerated at the Rayburn Corectional Center in Angie, Louisiana. He seeks injunctive relief.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Factual Allegations*

Plaintiff initiated this suit against employees at the LaSalle Correctional Center (LCC), where he claims he was subjected to excessive force and the delay or denial of adequate medical care in December 2011. Plaintiff complains that he reported to the nurse several time at LaSalle Correctional, and she continued to tell him that he was alright. [Doc. #5, p.3] After Plaintiff's family made a couple of phone calls to LCC, he was finally transported to the hospital where he was hospitalized for 2.5 weeks. [Doc. #5-1, p.1]

Plaintiff also complains that he was sprayed with Mace by Officer Morehouse in his eyes and throat, and was beaten by Officer Morehouse and Officer Cockerham.  [Doc. #1, p.4; Doc. #5-1, p.1]

### Law and Analysis

Plaintiff seeks injunctive relief in the form of a Court order terminating the employment of the defendants from LCC.  He also seeks the prosecution of the defendants.

First, Plaintiff is no longer incarcerated at LCC.  The transfer of a prisoner out of an allegedly offending institution generally renders his claims for declaratory and injunctive relief moot.  See Herman v. Holiday, 238 F.3d 660 (5th Cir. 2001)(citing Cooper v. Sheriff, Lubbock County, Tex., 929 F.2d 1078, 1081 (5th Cir. 1991).  In order for Plaintiff's claim to remain viable, he would have to establish a "demonstrated probability" or a "reasonable expectation" that he would again be incarcerated at the LCC.  See Murphy v. Hunt, 455 U.S. 478, 482 (1982).  Plaintiff has made no allegation or submitted any evidence indicating a reasonable likelihood that he would be returned to LCC.

Regardless, the injunctive relief requested here is that the defendants be terminated from their employment at LCC.  Federal courts are not prison managers.  Ordinarily, courts accord great deference to the internal administrative decisions of prison officials.  Royal v. Clark, 447 F.2d 501 (5th Cir. 1971); Krist v. Smith, 439 F.2d 146 (5th Cir. 1971); Haggerty v. Wainwright, 427

2

F.2d 1137 (5th Cir. 1970).   In fact, the Supreme Court has continuously cautioned federal courts from assuming "a greater role in decisions affecting prison administration." Shaw v. Murphy, 532 U.S. 223, 230 (2001); Turner v. Safley, 482 U.S. 78, 84-85 (1987). Plaintiff's request that the Court fire the defendants should be denied and dismissed.

Finally, Plaintiff has no constitutional right to have someone criminally prosecuted.  Oliver v. Collins, 914 F.2d 56, 60 (5th Cir. 1990).   A federal court may not assume the essentially executive function of deciding whether a particular alleged violator should be prosecuted.  Nader v. Saxbe, 497 F.2d 676, 679 (D.C. Cir. 1974).  Nor may a court order prosecution of individuals at the instance of private persons.  Id. at n. 18.   The decision whether or not to bring criminal charges rests solely with the prosecutor, and the decision will not give rise to section 1983 liability.   See also Oliver 914 F.2d at 601;   United States v. Carter, 953 F.2d 1449, 1462 (5th Cir. 1992); Williams v. Hartje, 827 F.2d 1203, 1209 (8th Cir. 1987).

### Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. §1915(e)(2)(B) and 1915A.

3

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

THUS DONE AND SIGNED at Alexandria, Louisiana, this ___ day of February, 2013.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

4